Addice H. Nahigian
vs.                          } Eq. No. 8253
Marie A. Rosen et al
February 23, 1927
RESCRIPT

TANNER, P. J. This is a bill in equity in which the complainant alleges that he has a tort claim against the estate of one Simon Rosen, deceased; that he has not yet been able to obtain judgment on said claim but that the heirs of said Simon Rosen are about to sell his real estate, and that since the personal estate would be insufficient to pay the judgment which he hopes to obtain, satisfaction of such a judgment will be prevented by a sale at the hands of the heirs.

The case is heard upon demurrer to the bill.

The complainant seems to argue that the collection of his claim will be defeated if the heirs are allowed to sell the real estate within two years and six months after the appointment of an administratrix on the estate of said Simon Rosen.

This statute has been construed in Honeyman vs. Kelliher, 20 R. I. 564. The Court says: "The statute charging the real estate of a decedent with the payment of his debts does not limit that charge to (three) two years and six months, and hence it was held in Mowry vs. Robinson, 12 R. I. 152, that so long as the estate remains in the hands of the heir it is liable to be sold on the application of the administrator even though such application is not made until more than (three) two years and six months have elapsed since the grant of administation. It is the alienation of the land by the heir or devisee after (three) two years and six months which terminates the charge on the land as against the right of the administrator, and hence any conveyance of the land prior to that time simply places the alienee on the footing of the heir or devisee, and the land in his hands remains subject to the same liability to sell as if it had remained unaliened. Johnson, Petitioner, 15 R. I. 438."

Under the authority of these cases we do not think that a sale by an heir within two years and six months after the appointment and qualification of an administrator constitutes a cloud

on the title which would prevent or affect the sale thereof by the executor or administrator.

The complainant seems to fear that a sale by the heirs at the present time would prevent his procuring the application of the real estate to the payment of his judgment after two years and six months have expired. On the contrary, we should say that under the decision just quoted, a sale within two years and six months would prevent the heirs from selling the estate free of encumbrance after the two years and six months as they otherwise might do, and the decision says that it is not a lapse of the two years and six months but the alienation of the land by the heir or devisee after the lapse of two years and six months which terminates the charge on the land.

It seems to us, therefore, that the petitioner would not be hindered but rather benefited by a sale within two years and six months.

The demurrer is therefore sustained.

For Complainant: Arthur Cushing and E. W. Bradford.

For Respondent: A. S. and A. P. Johnson.